# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2020

Lyle W. Cayce
Clerk

No. 19-10008

TIMOTHY TOSHIRO FLASIK, also known as Timothy Toshiru Flasik,

Petitioner—Appellant,

versus

LORIE DAVIS, DIRECTOR,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent—Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CV-634
No. 4:17-CV-636
No. 4:17-CV-637
No. 4:17-CV-638
No. 4:17-CV-639
No. 4:17-CV-640

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Timothy Flasik, Texas prisoner #02027436, pleaded guilty of sexual assault of a child, delivery of marihuana to a minor, and employing a minor for sexual performance. The district court denied his 28 U.S.C. § 2254 habeas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10008

corpus petition, and he moves this court for a certificate of appealability ("COA") on claims that his guilty plea was involuntary because of coercion by the state trial court and misleading advice from his attorney and that his attorney was ineffective in failing to investigate, to move to suppress evidence, and to present sentencing witnesses.

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court rejected Flasik's claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Flasik has not met these standards with respect to the above-listed claims, his COA motion is denied.

We construe Flasik's motion for a COA with respect to his argument that the district court should have held an evidentiary hearing as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). We AFFIRM. *See* Cullen *v. Pinholster*, 563 U.S. 170, 181−82, 185−86 (2011).